**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**RICKY ASHLEY**                                                                                          **PLAINTIFF**
**# 10110-12**

**v.**                              **CASE NO. 4:12CV00379 BSM**

**DAVID H. YOUNG,**                                                                                    **DEFENDANTS**
**United States Magistrate Judge; and**
**JOHN DOES 1-3**

### ORDER

Plaintiff Ricky Ashley is currently confined in the Pulaski County Detention Facility and has filed a *pro se* § 1983 complaint alleging that defendants violated his constitutional rights. [Doc. No. 1]. Ashley has not, however, paid the $350 filing fee or filed an application to proceed *in forma pauperis*.

### I. DISCUSSION

A.   Three Strikes Rule

The Prison Litigation Reform Act contains a three strikes provision, which specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

Ashley has filed at least fifty lawsuits in the Eastern District of Arkansas. *See Ashley*

*v. Reasoner*, 4:05CV00465 WRW (E.D. Ark. March 29, 2005) (describing Ashley as one of the "most highly abusive filers in the Eastern District of Arkansas" and summarizing his history of filing frivolous lawsuits). Specifically, Ashley has filed at least six cases that were dismissed for failure to state a claim. *See Ashley v. Beam*, 4:02CV00188 GTE; *Ashley v. Bradley*, 5:97CV00272 JMM; *Ashley v. Rwoni*, 4:95CV00786 SMR; *Ashley v. Johnson*, 5:94CV00529 ETR; *Ashley v. Racop*, 5:94CV00327 SWW; *Ashley v. Reed*, 5:94CV00240 GH. Thus, Ashley has accumulated three strikes, as defined by § 1915(g), prior to commencing this action on June 22, 2012.

B.     Imminent Danger Exception to the Three Strikes Rule

Even though Ashley has three strikes, he still may be allowed to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should, nevertheless, be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

In his complaint, Ashley alleges that, in May 2012, United States Magistrate Judge David Young and the John Doe defendants (all of whom work at a Subway restaurant in Redfield, Arkansas) conspired to deny Ashley workers compensation benefits and payment for working three days. Clearly, these allegations do not satisfy the imminent danger exception to the three strikes rule. Thus, it would be futile to order Ashley to file an

application to proceed *in forma pauperis*.

### III.  CONCLUSION

IT IS THEREFORE ORDERED THAT:

1.  This case is DISMISSED, WITHOUT PREJUDICE, pursuant to the three strikes rule in 28 U.S.C. § 1915(g).

2.  If Ashley wishes to continue this case, he must, within thirty (30) days of the entry of this order:  (a) pay the $350 filing fee in full, noting the above case style and number; and (b) file a motion to reopen the case

3.  The court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order and the accompanying judgment would not be taken in good faith.

Dated this 11th day of July 2012.

_____
UNITED STATES DISTRICT JUDGE